**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JOHNNY A STEPHENS, SR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| vs. | : | **CASE NO: 5:12-CV-0192-CAR-CHW** |
| | : | |
| **OFFICER COLLINS, et. al.** | : | |
| | : | |
| **Defendants.** | : | **PROCEEDINGS UNDER 42 U.S.C. ' 1983** |
| | : | <u>**BEFORE THE U.S. MAGISTRATE JUDGE**</u> |

_____

**ORDER & RECOMMENDATION**

Plaintiff **JOHNNY A STEPHENS,** a prisoner at the Bibb County Law Enforcement Center ("Bibb County LEC") in Macon, Georgia, has filed this *pro se* civil rights action under 42 U.S.C. § 1983 and has pre-paid the $ 350.00 filing fee.[1]  Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. <u>See</u> 28 U.S.C. ' 1915A(a). Having now done so, the undersigned **RECOMMENDS** that Plaintiff's claims against Defendant Dr. Jenkins be **DISMISSED** for failure to state a claim. <u>See</u> 28 U.S.C. §1915A(b)(1).   Plaintiff's claims against the remaining named Defendants will be allowed to proceed.

**STANDARD OF REVIEW**

When conducting a preliminary review under § 1915A, the district court must accept all factual allegations in the Complaint as true.  <u>Brown v. Johnson</u>, 387 F.3d 1344, 1347 (11th Cir. 2004).  *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed.@  <u>Tannenbaum v. United States</u>,

---

[1]  Because Plaintiff has prepaid the entire $ 350.00 filing fee, his Motion to Proceed *in forma pauperis* (ECF No. 2) shall be **DISMISSED** as **MOOT**.

148 F.3d 1262, 1263 (11th Cir. 1998).   Nonetheless, a district court may still dismiss a prisoner complaint after the initial review if it finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted@; or (2) Aseeks monetary relief from a defendant who is immune from such relief.@ 28 U.S.C. §1915A(b); see also 28 U.S.C. §1915(2)(B).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are Aclearly baseless@ or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).   A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).   The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." Id.   In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. Id.   "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

To state a claim for relief under §1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995).   If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the

complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## STATEMENT AND ANALYSIS OF CLAIMS

Through this action, Plaintiff complains that the medical staff at the Bibb County LEC has been deliberately indifferent to his medical needs. Plaintiff allegedly suffers from multiple conditions, including "diabetes," "hypertension," "congest[ive] heart failure," and some sort of seizure disorder. The allegations in Plaintiff's Complaint list, by date and in chronological order, all the times Plaintiff requested and was denied medical treatment. In his recast Complaint, Plaintiff identifies eleven named defendants – Officer Collins, Nurse Balkcom, Med Tech Robertson, Med Tech Barbara James, Nurse Thelma Rozier, Med Tech Fair, Nurse Vicki Oliver, Officer Denny, Dr. Jenkins, and Nurse Stacey. (See Recast Complaint [ECF No. 6] at 4).

According to Plaintiff, Defendants Robertson, Balkcom, James, Fair, Oliver, Rozier, Stacey, and Jenkins have been deliberately indifferent to his requests for medical treatment. Plaintiff alleges that, at various times, he complained to one or more of these Defendants about problems potentially associated with his hypertension and heart condition and/or serious complications associated with his diabetes. He further alleges that each of these medical care providers was aware of his numerous serious medical conditions and still refused to provide him with medical treatment – either ignoring his requests or accusing Plaintiff of causing false symptoms by taking other prisoners' medications.

Plaintiff's Complaint also describes various instances when corrections officers allegedly ignored his pleas for medical care. Plaintiff claims that Officer Collins refused to call medical personnel after Plaintiff told him that he had suffered a "seizure," that Officer Mays refused to call medical personnel when Plaintiff advised him that he was "going into congestive heart failure," and that Officer Denny refused to get Plaintiff medical care and lied about calling a nurse when

3

Plaintiff complained of chest pains and dizziness.  Plaintiff claims that in some instances, the denial of care resulted in his being rushed to the "emergency room" and that he is currently still being denied medical treatment.

To state a claim for inadequate medical care under the Eighth Amendment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need to support. Estelle v. Gamble, 429 U.S. 97, 106 (1976).   The facts in the complaint must suggest (1) that the prisoner has an objectively serious medical need which poses a substantial risk of serious harm if left unattended; and (2) that a defendant was "deliberately indifferent" to that need.  Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000).  A prison official is deliberately indifferent to an inmate's needs if he has subjective knowledge of a risk of serious harm to the plaintiff and disregards that risk. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005).   Inadvertence or mere negligence in failing to provide adequate medical care does not rise to a constitutional violation.   Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). "[M]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

Plaintiff's allegations against these Defendants, if true, could satisfy the deliberate indifference standard.   Accordingly, when construing the complaint liberally in favor of Plaintiff (i.e., assuming that he in fact suffers from the serious medical conditions alleged and that Defendants knowingly and callously refused to provide him with needed medical care), his allegations against these Defendants are at least sufficient to survive a "frivolity review."   See 28 U.S.C. § 1915A.

No other claims shall go forward, however. Though Plaintiff's Complaint makes additional allegations against other prison officials, none of those individuals have been named as a party to this action. (See Recast Compl. at 4). Defendant was previously advised that his Recast Complaint would be considered "in place of and substituted for [his] original complaint and all attachments and documents that have been filed." (See Order, June 14, 2012 [ECF No. 5] at 2). The Clerk is thus **DIRECTED** to correct the Docket so as to list only those Defendants identified in Plaintiff's Recast Complaint and this Order.[2]

The undersigned also finds that Plaintiff has failed to state claim against Defendant Dr. Jenkins. In his Complaint, Plaintiff alleges that he was seen by Dr. Jenkins on June 14, 2012, and that, after hearing Plaintiff's complaints, Dr. Jenkins was "not concerned" about the alleged problems in his head, left arm, and chest and stated that he was not going to change the course of treatment for Plaintiff's diabetes. (Recast Compl. at 14). These allegations do not describe deliberate indifference that would violate the Eighth Amendment. Though Plaintiff may believe that he should have been examined further or prescribed additional medication, a prisoner cannot sustain an Eighth Amendment deliberate indifference claim based on his disagreement with the course of treatment chosen by his treating physician unless that course of treatment was less than "minimally adequate." See Harris, 941 F.2d at 1504–05; see also Adams v. Poag, 61 F.3d 1537, 1547 (11th Cir.1995) (the "failure to administer stronger medication" to a prisoner was "a medical judgment and, therefore, an inappropriate basis for imposing liability under section 1983"). Nothing in Plaintiff's Complaint suggests that the care provided by Dr. Jenkins on this occasion was less than minimally adequate. See Harris, 941 F.2d at 1505 (explaining that medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness).

---

2 The caption of this Order has already been amended to reflect this change.

Thus, because Plaintiff's Complaint does not allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim against Dr. Jenkins, it is **RECOMMENDED** that he be **DISMISSED** from this action. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

It is otherwise **ORDERED** that service be made on Defendants **Robertson, Balkcom, James, Fair, Oliver, Rozier, Stacey, Denny, Collins,** and **Mays** and that these Defendants file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendants are reminded of their duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   **Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings**.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.   Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian.   Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.   This

90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein she is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income

credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

It is further **ORDERED** and **DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.   In addition, Plaintiff's Complaint is subject to dismissal if she has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 2nd day of August, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge