IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNNY A. STEPHENS, SR., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 5:12-cv-192 (MTT) |
| | : | |
| OFFICER COLLINS, *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Before the Court is the Motion to Dismiss filed by Defendants Officer Steven Collins, Officer Nicholas Denny, Officer Gregory Mays, and the Bibb County Law Enforcement Center.[1] Doc. 34. In the Motion, Defendants argue that Plaintiff Johnny A. Stephens Sr.'s claims against them should be dismissed because of Eleventh Amendment immunity, qualified immunity, and failure to state a claim. Id. For the reasons stated below, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED**.

FACTUAL AND PROCEDURAL BACKGROUND

On May 30, 2012, Plaintiff Johnny A. Stephens Sr. filed his original complaint in the above-styled case under 42 U.S.C. § 1983. Doc. 1. In his original complaint, Plaintiff alleged that officers affiliated with the Bibb County LEC had been deliberately indifferent to his medical needs. Id. The Court ordered Plaintiff to recast his original complaint because Plaintiff failed to

---

[1] The record indicates that the Bibb County LEC should not be listed as one of the remaining Defendants in this case. The Court never attempted to effectuate service on the Bibb County LEC. Docs. 10-20. Yet, an executed waiver of service was returned by the Bibb County LEC. Doc. 25. Pursuant to the Court's prior order and recommendation, the Clerk of Court should have terminated the Bibb County LEC, Officer Nolton, Officer Sandifer, Nurse Charlene, and John and/or Jane Does as Defendants from the above-styled case. Doc. 7 at 5-6. Although the record indicates that the Bibb County LEC should not be listed among the remaining Defendants, this Recommendation addresses the arguments proffered on its behalf for the sake of completeness. Even so, **the Clerk of Court is DIRECTED to correct the docket** to list only the ten individual Defendants upon whom the Court previously ordered service and to terminate the Bibb County LEC, Officer Nolton, Officer Sandifer, Nurse Charlene, and John and/or Jane Does as Defendants.

identify how the specific conduct of each named Defendant demonstrated deliberate indifference. Doc. 5. The Court advised Plaintiff that his recast complaint "shall be in place of and substituted for the original complaint." Id. at 2

On July 2, 2012, Plaintiff filed his recast complaint. Doc. 6. In his recast complaint, Plaintiff listed the Bibb County LEC in his case caption and named eleven individuals affiliated with the Bibb County LEC as Defendants. Id. at 1, 4. According to the recast complaint, the eleven named Defendants who worked as either medical staff or prison officers were deliberately indifferent to Plaintiff's various medical needs during his imprisonment at the Bibb County LEC. Id. at 5-14. Plaintiff alleges that he suffers from diabetes, hypertension, congestive heart failure, and an unspecified seizure disorder. Id. Plaintiff lists, by date and in chronological order, each time that an individual Defendant denied his request for medical treatment between October 2011 and June 2012. Id. The recast complaint contains no allegations regarding the Bibb County LEC. Id. As to the eight named Defendants that worked as medical staff, Plaintiff claims that these Defendants knew about his various medical conditions and refused to provide him with appropriate medical treatment either by ignoring Plaintiff's requests or by accusing Plaintiff of causing false symptoms by ingesting other prisoners' medications. Id. As to the three named Defendants that worked as prison officers, Plaintiff claims that these Defendants failed to immediately contact medical staff when Plaintiff orally requested appropriate medical treatment. Id. In relief, Plaintiff requests injunctive relief and $800,000,000.00 in damages. Id. at 17.

Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, the initial order and recommendation concluded that Plaintiff had stated cognizable deliberate indifference claims against Defendants Officer Steven Collins, Officer Nicholas Denny, Officer Gregory Mays, EMT-P Stacy Buffington, LPN Annie Fair, LPN Marilyn Gibson-Balkcom, LPN Barbara

James, LPN Vickie Oliver, RN Nekeisha Roberson, and LPN Selma Rozier. Doc. 7. Adopting the recommendation, the Court ordered that service be made on these ten Defendants. Doc. 8. Even so, the Court ordered that Defendant Dr. Oscar Jenkins be dismissed because Plaintiff failed to state a cognizable claim against him. Id.

Officer Collins, Officer Denny, Officer Mays, and the Bibb County LEC subsequently filed a Motion to Dismiss. Doc. 34. Although the Court expressly directed Plaintiff to respond to the Motion to Dismiss on three separate occasions, Plaintiff has not yet done so. Docs. 35, 44, 53. There is no indication in the record that Plaintiff did not receive the Court's three prior orders directing him to respond to the Motion to Dismiss. Rather, the record indicates that Plaintiff has filed numerous pleadings with the Court after his release from the Bibb County LEC. Docs. 37, 49, 50, 51, 52, 54, 55, 56, 57, 58. As such, it appears that the Motion to Dismiss is uncontested.

## DISCUSSION

The Court should grant the Motion to Dismiss because Plaintiff fails to state a plausible claim of deliberate indifference to serious medical needs against Officer Collins, Officer Denny, Officer Mays, and the Bibb County LEC. In the alternative, the Court should grant the Motion to Dismiss because the three individual Defendants are entitled to Eleventh Amendment immunity for claims against them in their official capacities, and because the three individual Defendants are entitled to qualified immunity for claims against them in their individual capacities.

A. Failure to State a Claim

   1. *Applicable Legal Standards*

A complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556. When considering a motion to dismiss for failure to state a claim, the Court must accept all allegations in the complaint as true, and the Court must construe the facts in the light most favorable to the plaintiff. Lopez v. Target Corp., 676 F.3d 1230, 1232 (11th Cir. 2012). The Court, however, is not bound to accept as true "'a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 555. It is well-established that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679, citing Twombly, 550 U.S. at 556. Additionally, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

  2. *Plaintiff's Deliberate Indifference to Serious Medical Needs Claim*

The Eighth Amendment prohibits cruel and unusual punishment, which includes deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Nonetheless, not every claim of inadequate medical treatment states a cognizable claim under the federal constitution. Id. "Medical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citation omitted).

To establish deliberate indifference to his medical needs, a prisoner must satisfy both an objective and a subjective component. Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999).

4

Regarding the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). Regarding the subjective component, a prisoner must allege three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). Additionally, as with any tort claim, the prisoner must show that an injury was caused by the defendant's wrongful conduct. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

It is not enough to show that the care provided was less than optimal, or that a different course of treatment might have been preferable. The elements required to prove the subjective component of a deliberate indifference claim establish that "mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" are not actionable under 42 U.S.C. § 1983. Taylor, 221 F.3d at 1258. A prisoner also cannot establish a violation simply because he "may have desired different modes of treatment" than that which was provided to him. Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Such course of treatment claims, by definition, involve the "exercise of professional judgment" and as such are not actionable. Estelle, 429 U.S. at 105.

In this case, Plaintiff alleges that he suffers from diabetes, hypertension, congestive heart failure, and an unspecified seizure disorder. Doc. 6 at 5-14. According to Plaintiff, some of his medical conditions, including his diabetes and congestive heart failure, required hospitalization before he became a prisoner at the Bibb County LEC. Based on the factual allegations in the recast complaint, it appears that Plaintiff received regular observation and medical care between

5

October 2011 and June 2012. It also appears that Plaintiff was transported to the emergency room on October 19, 2011 and May 3, 2012. Both emergency room visits predate Plaintiff's allegations about Officer Collins, Officer Denny, and Officer Mays. Plaintiff alleges that Officer Collins ignored Plaintiff's oral request for immediate treatment from the medical staff after Plaintiff told Officer Collins that he felt sick and had suffered a seizure on May 21, 2012. Id. at 10. Plaintiff alleges that Officer Denny lied to Plaintiff about contacting the medical staff when Plaintiff orally requested immediate treatment after Plaintiff had experienced chest pain and numbness in his arm on May 15, 2012. Id. at 9. Plaintiff alleges that Officer Mays ignored Plaintiff's oral request for immediate treatment from the medical staff after Plaintiff told Officer Mays that he believed he was experiencing congestive heart failure on May 25, 2012. Id. at 10. Although Plaintiff contends that Officer Collins displayed "unprofessionalism" and that Officer Mays "didn't care about me an inmate being sick," nowhere in the recast complaint does Plaintiff allege that the conduct of Officer Collins, Officer Denny, and Officer Mays caused him to suffer any injury. Id. at 9-10. As previously mentioned, Plaintiff fails to allege any deliberate indifference on the part of the Bibb County LEC.

Plaintiff fails to state a plausible claim for deliberate indifference to his serious medical needs because he does not allege facts sufficient to satisfy the objective component of a deliberate indifference claim. Although Plaintiff alleges that he suffers from ongoing medical conditions including diabetes, hypertension, congestive heart failure, and an unspecified seizure disorder, Plaintiff does not allege sufficient facts to show that any of his immediate medical conditions amounted to an objectively serious medical need. "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Youmans v. Gagnon,

626 F.3d 557, 564 (11th Cir. 2010), quoting Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306–1307 (11th Cir. 2009). Because Plaintiff does not allege that his condition worsened due to any delay in treatment attributed to Defendants "the proper test is whether a lay person would easily recognize the need as serious." Youmans, 626 F.3d at 564 n. 8. Stated another way, "the need for immediate medical assistance must have been apparent to the untrained eye of a layperson." Id. There is no basis to conclude that the need for immediate medical assistance must have been apparent to the untrained eyes of Officer Collins, Officer Denny, or Officer Mays because Plaintiff attributes no injury to their conduct. As such, Plaintiff does not allege sufficiently specific facts to allow the Court to infer that Plaintiff had an objectively serious medical need that, if left unattended, posed a substantial risk of serious harm. See Mann, 588 F.3d at 1307.

Plaintiff also fails to state a plausible claim for deliberate indifference to his serious medical needs because he does not allege facts sufficient to satisfy the subjective component of a deliberate indifference claim. Even if the Court assumes that Plaintiff had an objectively serious medical need, Plaintiff does not allege specific facts to show that Defendants had: (1) subjective knowledge of a risk of serious harm; (2) disregarded of that risk; and (3) by conduct that is more than mere negligence. McElligott, 182 F.3d at 1255. Plaintiff's conclusory allegations regarding his oral requests to Officer Collins, Officer Denny, and Officer Mays about his need for immediate medical assistance on three separate occasions in May 2012 do not show that Plaintiff had a medical need of which the individual Defendants were subjectively aware, but ignored based on "more than gross negligence." Townsend v. Jefferson County, 601 F.3d 1152, 1158 (11th Cir. 2010). Moreover, the Court need not accept as true Plaintiff's legal conclusions couched as factual allegations, such as, Officer Mays "refused me medical treatment intentionally and disregarding a serious medical need" (Doc. 6 at 10). See Iqbal, 556 U.S. at 678,

quoting Twombly, 550 U.S. at 555. As such, Plaintiff does not allege sufficiently specific facts to allow the Court to infer that one or more named Defendants had subjective awareness of Plaintiff's objectively serious medical needs and that one or more named Defendants had an objectively insufficient response to Plaintiff's serious medical needs. See Farrow v. West, 320 F.3d 1235, 1245-1246 (11th Cir. 2003).

Insofar as Plaintiff disagrees with the course of his medical treatment during his imprisonment at the Bibb County LEC, a mere disagreement about the course of one's treatment is "a classic example of a matter for medical judgment" that does not give rise to an actionable claim of deliberate indifference. Estelle, 429 U.S. at 106-107; see also Hamm, 774 F.2d at 1575 ("Although [the prisoner] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."). Plaintiff must establish that the response of one or more named Defendants "was poor enough to constitute 'an unnecessary and wanton infliction of pain,' and not merely accidental inadequacy, 'negligen[ce] in diagnosi[s] or treat[ment],' or even '[m]edical malpractice' actionable under state law." Taylor, 221 F.3d at 1258, quoting Estelle, 429 U.S. at 105. Plaintiff fails to allege sufficiently specific facts to do so.

Accordingly, even after accepting the factual allegations in the recast complaint as true and construing those allegations in the light most favorable to Plaintiff, Plaintiff does not allege "sufficient factual matter" to state a deliberate indifference to serious medical needs claim against Officer Collins, Officer Denny, Officer Mays, or the Bibb County LEC that is "plausible on its face." Iqbal, 556 U.S. at 678.

B. Eleventh Amendment Immunity for Official Capacity Claims

Alternatively, insofar as Plaintiff is attempting to proceed against three individual Defendants in their official capacities, any such claim is barred by the Eleventh Amendment. The

Eleventh Amendment prohibits federal courts from exercising jurisdiction over lawsuits against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity. Lassiter v. Alabama A & M University, 3 F.3d 1482, 1485 (11th Cir. 1993). Congress has not abrogated Eleventh Amendment immunity in Section 1983 cases. Robinson v. Ga. Dep't of Transp., 966 F.2d 637, 640 (11th Cir. 1992). Thus, if the state has not waived its immunity, the Eleventh Amendment bars Section 1983 cases against the state. Cross v. State of Ala., 49 F.3d 1490, 1503 (11th Cir. 1995). By extension, the Eleventh Amendment also bars Section 1983 claims against state officials sued in their official capacities, because in such cases, the state is considered to be the real party in interest since an award of damages would be paid by the state, and not the state official. Id. at 1503. The Eleventh Amendment extends immunity to the sheriff and the sheriff's deputies sued in their official capacities. See Carr v. City of Florence, 916 F.2d 1521, 1526-1527 (11th Cir. 1990).

In this case, the three individual Defendants are protected by Eleventh Amendment immunity. The State of Georgia expressly preserves its Eleventh Amendment immunity in the Georgia Constitution, Ga. Const. Art. 1, Sec. II, Para. IX(f), and as previously explained, individual Defendants sued in their official capacity as a state officials are not persons. Accordingly, to the extent that Plaintiff is attempting to proceed against Officer Collins, Officer Denny, and Officer Mays in their official capacities, the Court could dismiss the individual Defendants on this alternative basis.

C.  Qualified Immunity for Individual Capacity Claims

Alternatively, insofar as Plaintiff is attempting to proceed against the three individual Defendants in their individual capacities, Defendants are entitled to qualified immunity. "Qualified immunity protects government officials performing discretionary functions from civil

trials [...] and from liability if their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Santamorena v. Georgia Military College, 147 F.3d 1337, 1339-1340 (11th Cir. 1998) (citations omitted). Stated another way, qualified immunity "offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Oliver v. Fiorino, 586 F.3d 898, 904 (11th Cir. 2009) (citations omitted). A government official acting within the scope of his discretionary authority is entitled to qualified immunity "unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was 'clearly established' at the time of the incident." Oliver, 586 F.3d at 905. Courts need not consider the two prongs of the qualified immunity analysis in sequence, and a failure to establish either prong requires the claim to be dismissed. Id., citing Pearson v. Callahan, 555 U.S. 223, 236 (2009).

In this case, the three individual Defendants are entitled to qualified immunity because the allegations in Plaintiff's recast complaint do not establish a cognizable constitutional violation, and because the illegality of Defendants' conduct was not clearly established at the time of the alleged violation. See Oliver, 586 F.3d at 905. A constitutional right can be clearly established only if "the contours of the right [violated are] sufficiently clear that a reasonable official would understand that what he is doing violated that right." United States v. Lanier, 520 U.S. 259, 270 (1997). Based on the factual allegations in the recast complaint, it is impossible to conclude that Defendants would understand that their conduct violated Plaintiff's clearly established constitutional right because preexisting case law does not demonstrate the apparent unlawfulness of their actions or inactions. See Anderson v. Creighton, 483 U.S. 635, 640 (1987)

(citations omitted) ("This is not to say that an official action is protected by qualified immunity unless the very action in question has been held unlawful; but it is to say that in the light of preexisting law the unlawfulness must be apparent."). Accordingly, to the extent that Plaintiff is attempting to proceed against Officer Collins, Officer Denny, and Officer Mays in their individual capacities, the Court could dismiss the individual Defendants on this alternative basis.

## CONCLUSION

For the above-stated reasons, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 24) be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this the 19th day of July, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
