IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNNY A. STEPHENS, SR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:12-CV-192(MTT) |
| | ) | |
| OFFICER COLLINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER

This matter is before the Court on the Recommendations of United States Magistrate Judge Charles H. Weigle. (Docs. 59, 60). The Magistrate Judge recommends granting Defendants Steven Collins, Nicholas Denny, and Gregory Mays's motion to dismiss (Doc. 34) because the Plaintiff has failed to state a plausible claim for deliberate indifference to the Plaintiff's serious medical needs, and even if he had, the Defendants are entitled to qualified immunity. The Magistrate Judge also recommends granting the Plaintiff's motion to voluntarily dismiss Defendants Annie Fair, Barbra James, and Selma Rozier (Doc. 54). The Plaintiff filed a belated response (Doc. 64) to the Defendants' motion to dismiss which the Court construes as an objection to the Recommendation.[1] Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

---

[1] The Plaintiff has previously failed to respond to the Defendants' motion to dismiss although he has been ordered to do so on three separate occasions. (Docs. 35, 44, 53).

Although some clarification and modification of the Recommendation is required, the ultimate conclusion reached in the Recommendation remains the same. The Court does not rely on the qualified immunity analysis in the Recommendation in reaching its conclusion. Had the Plaintiff sufficiently alleged a constitutional violation, the Defendant officers would not be entitled to qualified immunity because the law here is clearly established. *See McElligott v. Foley*, 182 F.3d 1248, 1260 (11th Cir. 1999) (citation omitted) ("Given the abundance of caselaw from our circuit defining the parameters of deliberate indifference, we cannot say that defendants lacked fair warning that their conduct violated the Eighth Amendment."). "[A] finding of deliberate indifference necessarily precludes a finding of qualified immunity; prison officials who *deliberately* ignore the serious medical needs of inmates cannot claim that it was not apparent to a reasonable person that such actions violated the law." *Gardner v. Ramsey*, 2006 WL 753178, at *3 n.5 (M.D. Ga.) (quoting *McElligott*, 182 F.3d at 1260).

The Court adopts the Recommendation's analysis of whether the Plaintiff has sufficiently stated a claim for deliberate indifference to his serious medical needs. However, even if the Plaintiff has sufficiently alleged facts to establish the objective and subjective components of the test for deliberate indifference, his claim fails because he has not alleged that any of the Defendant officers' actions caused the Plaintiff to suffer an injury. *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (citation omitted) ("[A]s with any tort claim, [a plaintiff] must show that the injury was caused by the defendant's wrongful conduct."). The Plaintiff alleges only that he was in medical distress when he requested that each officer notify the jail's medical department he needed treatment. (Doc. 6 at ¶¶ 13, 16, 18). However, the Plaintiff does not allege that

the failure of any officer to request medical treatment for the Plaintiff caused or exacerbated any injury. Thus, the Plaintiff fails to state a claim for deliberate indifference to a serious medical need.

The Court has reviewed the Recommendations, and the Recommendations are adopted and made the order of this Court. The Defendants' motion to dismiss is **GRANTED**. The Plaintiff's motion to dismiss is **GRANTED**. Defendants Annie Fair, Barbra James, Selma Rozier, Steven Collins, Nicholas Denny, and Gregory Mays are **DISMISSED** as parties to this action.[2]

**SO ORDERED**, this the 10th day of September, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Plaintiff has also filed a motion to voluntarily dismiss Bibb County LEC (Doc. 65). Bibb County LEC has been previously dismissed as a party to this action, although it erroneously appears as a defendant on the docket. Accordingly, the Plaintiff's motion is **DENIED as moot**.