IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHNNY A. STEPHENS, SR., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:12-cv-192 (MTT) |
| | : | |
| MARILYN GIBSON-BALKCOM, *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court are the Motions for Summary Judgment filed by Defendants Stacy Buffington, Marilyn Gibson-Balkcom, Nekeisha Roberson, and Vickie Oliver. Docs. 38, 40, 42, 43. Because Plaintiff Johnny A. Stephens Sr. has not shown that there are genuine issues of material fact regarding Defendants' alleged deliberate indifference to Plaintiff's serious medical needs, it is hereby **RECOMMENDED** that the Motions for Summary Judgment be **GRANTED**.

PROCEDURAL HISTORY

On May 30, 2012, Plaintiff Johnny A. Stephens Sr. filed his original complaint in the above-styled case under 42 U.S.C. § 1983. Doc. 1. In his original complaint, Plaintiff alleged that numerous individuals affiliated with the Bibb County LEC had been deliberately indifferent to his various medical needs. Id. The Court ordered Plaintiff to recast his original complaint because Plaintiff failed to identify how the specific conduct of each named Defendant demonstrated deliberate indifference. Doc. 5. The Court advised Plaintiff that his recast complaint "shall be in place of and substituted for the original complaint." Id. at 2.

On July 2, 2012, Plaintiff filed his recast complaint. Doc. 6. In his recast complaint, Plaintiff listed the Bibb County LEC in the case caption and named eleven individuals affiliated with the Bibb County LEC as Defendants. Id. at 1, 4. According to the recast complaint, the

eleven named Defendants who worked as either medical staff or prison officers were deliberately indifferent to Plaintiff's medical needs during his imprisonment at the Bibb County LEC. Id. at 5-14. Plaintiff listed, by date and in chronological order, each time that an individual Defendant denied his request for medical treatment between October 2011 and June 2012. Id. Regarding the eight named Defendants that worked as medical staff, Plaintiff claimed that these Defendants knew about his medical conditions and refused to provide him with appropriate medical treatment either by ignoring Plaintiff's requests or by accusing Plaintiff of causing his symptoms by ingesting other prisoners' medications. Id. Regarding the three named Defendants that worked as prison officers, Plaintiff claimed that these Defendants failed to immediately contact medical staff when Plaintiff orally requested medical treatment. Id. In relief, Plaintiff sought various forms of injunctive relief and $800,000,000.00 in monetary damages. Id. at 17.

Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, an order and recommendation was entered, which concluded that Plaintiff stated cognizable deliberate indifference claims against Defendants Officer Steven Collins, Officer Nicholas Denny, Officer Gregory Mays, EMT-P Stacy Buffington, LPN Annie Fair, LPN Marilyn Gibson-Balkcom, LPN Barbara James, LPN Vickie Oliver, RN Nekeisha Roberson, and LPN Selma Rozier. Doc. 7. The initial order and recommendation directed that service be made on these ten Defendants. Id. After receiving no objections, the Court adopted the order and recommendation. Doc. 8.

On December 27, 2012, Officer Collins, Officer Denny, Officer Mays, and the Bibb County LEC filed a motion to dismiss. Doc. 34. While the motion to dismiss remained pending, EMT-P Buffington, LPN Fair, LPN Gibson-Balkcom, LPN James, LPN Oliver, RN Roberson, and LPN Rozier filed seven separate motions for summary judgment on April 22, 2013. Docs. 38, 39, 40, 41, 42, 43, 45. After his release from the Bibb County LEC, Plaintiff filed a motion

for voluntary dismissal in which Plaintiff sought to dismiss his claims against LPN Fair, LPN James, and LPN Rozier. Doc. 54. Plaintiff also responded to the motions for summary judgment filed by EMT-P Buffington, LPN Gibson-Balkcom, LPN Oliver, and RN Roberson. Docs. 55, 56, 57, 58. On September 10, 2013, the Court granted both the motion to dismiss filed by Officer Collins, Officer Denny, Officer Mays, and the Bibb County LEC and the motion for voluntary dismissal filed by Plaintiff. Docs. 59, 60, 66. As such, the only remaining Defendants in this case are EMT-P Buffington, LPN Gibson-Balkcom, LPN Oliver, and RN Roberson.

## FACTUAL BACKGROUND

Viewed in the light most favorable to Plaintiff, the facts of this case are as follows: Plaintiff was imprisoned at the Bibb County LEC from October 11, 2011 to December 17, 2012. Doc. 46-2 at 4. Prior to Plaintiff's imprisonment, he was suffering from diabetes, hypertension, congestive heart failure, and an unspecified seizure disorder. Doc. 6 at 5-14. Some of Plaintiff's medical conditions, including his diabetes and congestive heart failure, required hospitalization in the past. Id. at 5. During the fourteen months of Plaintiff's imprisonment, he was seen by the medical staff at the Bibb County LEC more than 1,200 times for medication administration, diabetes clinic, dental care, nursing care, midlevel provider care, physician care, and infirmary care. Doc. 46-2 at 8. In addition, Plaintiff was transported from the Bibb County LEC to the emergency room on October 19, 2011 and May 10, 2012. Doc. 6 at 5, 7.

Plaintiff does not allege that there was any causal connection between the two emergency room visits and his claims about EMT-P Buffington, LPN Gibson-Balkcom, LPN Oliver, and RN Roberson. Regarding EMT-P Buffington, Plaintiff alleges that EMT-P Buffington accused Plaintiff of causing his symptoms by ingesting other prisoners' medications when she examined Plaintiff on May 14, 2012. Doc. 6 at 8. Regarding LPN Gibson-Balkcom, Plaintiff alleges that

LPN Gibson-Balkcom refused Plaintiff's oral request to examine his eyes or to contact an outside doctor to address Plaintiff's eye problems on November 25, 2011. Id. at 6. Regarding LPN Oliver, Plaintiff alleges that LPN Oliver ignored Plaintiff's oral request for medical treatment when Plaintiff complained during pill call that he had experienced numbness in his arm, swelling in his leg, dizziness, and a headache on June 2, 2012. Id. at 11. Regarding RN Roberson, Plaintiff alleges that RN Roberson refused Plaintiff's oral request to examine his eyes or to see an outside doctor about his eye problems on October 15, 2011 and November 21, 2011. Id. at 5-6. In addition, Plaintiff alleges that RN Roberson accused Plaintiff of ingesting other prisoners' medications when she examined Plaintiff on June 1, 2012. Id at 11. Plaintiff also alleges that both RN Roberson and LPN Gibson-Balkcom refused to respond to Plaintiff's written requests for medical services. Id. on 9. Nowhere in the recast complaint does Plaintiff allege that the conduct of EMT-P Buffington, LPN Gibson-Balkcom, LPN Oliver, and RN Roberson caused him to suffer any injury. Id. at 5-14.

## LEGAL STANDARDS

According to Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986). If the moving party meets this burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact or that the moving party is not entitled to judgment as a matter of law. Id. at 324-326. If the evidence presented by the nonmoving party is "merely colorable" or "not significantly probative," summary judgment must be granted. Anderson, 477 U.S. at 249. In fact, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## DISCUSSION

Plaintiff alleges that Defendants EMT-P Buffington, LPN Gibson-Balkcom, LPN Oliver, and RN Roberson were deliberately indifferent to his serious medical needs by failing to provide adequate treatment of his various medical conditions during his imprisonment at the Bibb County LEC. Plaintiff fails, however, to show that any genuine issue of material fact remains regarding the adequacy of his medical treatment. Because the medical staff at the Bibb County LEC regularly met with and cared for Plaintiff, and because Plaintiff has not shown that EMT-P Buffington, LPN Gibson-Balkcom, LPN Oliver, and RN Roberson were deliberately indifferent to his serious medical needs, Defendants are entitled to judgment as a matter of law.

To create genuine issues of material fact, Plaintiff must point to specific evidence that Defendants were deliberately indifferent to Plaintiff's serious medical needs. In order to establish deliberate indifference, a prisoner must satisfy both an objective and a subjective component. Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). Regarding the objective component, a prisoner must allege an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). With

5

respect to the subjective component, a prisoner must allege, and ultimately prove, three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and, (3) by conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). Further, as with any tort claim, a prisoner must show that an injury was caused by the prison official's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).

It is not enough to show that the care provided was less than optimal, or that a different course of treatment might have been preferable. A prisoner cannot establish a constitutional violation simply because he "may have desired different modes of treatment" than that which was provided to him. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985). Such course of treatment claims, by definition, involve the "exercise of professional judgment" and as such are not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. 97, 105 (1976).

In this case, the record demonstrates that the medical staff regularly met with and cared for Plaintiff during his imprisonment at the Bibb County LEC. Members of the medical staff evaluated, examined, or treated Plaintiff on 44 separate occasions between October 11, 2011 and November 29, 2012. Docs. 46-1, 46-2. The nursing staff also saw Plaintiff twice a day as part of their regularly conducted medication administration visits. Id. In addition, the nursing staff checked Plaintiff's blood sugar levels either daily or weekly as part of the medical treatment provided by the diabetes clinic. Id. During Plaintiff's imprisonment, he was seen by the nursing staff on 866 separate occasions for medication administration visits and on 320 separate occasions for blood sugar checks. Doc. 46-2 at 4. In total, Plaintiff was seen by the medical staff at the Bibb County LEC more than 1,200 times for medication administration, diabetes clinic, dental care, nursing care, midlevel provider care, physician care, and infirmary care. Id. at 8.

6

Plaintiff fails to present specific evidence tending to show that genuine issues of material fact exist concerning the objective component of his deliberate indifference claim. Although Plaintiff summarily alleges that he suffered from diabetes, hypertension, congestive heart failure, and an unspecified seizure disorder and that he suffered from undiagnosed eye problems during his imprisonment, Plaintiff does not present specific evidence that any of his medical conditions amounted to an objectively serious medical need. "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Youmans v. Gagnon, 626 F.3d 557, 564 (11th Cir. 2010), quoting Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1307 (11th Cir. 2009). Because Plaintiff does not allege that his condition worsened due to any delay in medical treatment attributed to Defendants "the proper test is whether a lay person would easily recognize the need as serious." Youmans, 626 F.3d at 564 n. 8. Stated another way, "the need for immediate medical assistance must have been apparent to the untrained eye of a layperson." Id. There is no basis to conclude that the need for immediate medical assistance must have been apparent to the untrained eye of a layperson because Plaintiff attributes no injury to the conduct of EMT-P Buffington, LPN Gibson-Balkcom, LPN Oliver, and RN Roberson. As such, Plaintiff does not identify sufficiently specific evidence to allow the Court to conclude that genuine issues of material fact remain about whether Plaintiff had an objectively serious medical need that, if left unattended, posed a substantial risk of serious harm. See Mann, 588 F.3d at 1307.

Plaintiff also fails to present specific evidence tending to show that genuine issues of material fact exist concerning the subjective component of his deliberate indifference claim. Even if the Court assumes that Plaintiff had an objectively serious medical need, Plaintiff does not present specific evidence to establish that Defendants had: (1) subjective knowledge of a risk

of serious harm; (2) disregarded of that risk; and (3) by conduct that is more than mere negligence. McElligott, 182 F.3d at 1255. EMT-P Buffington, LPN Gibson-Balkcom, LPN Oliver, and RN Roberson averred that they never withheld any medical care or medical treatment from Plaintiff and that they never ignored Plaintiff's medical needs. Docs. 46-4, 46-5, 46-6, 46-8. By contrast, Plaintiff does not identify any specific evidence that he had a medical need of which Defendants were subjectively aware, but ignored by conduct that amounts to "more than gross negligence." Townsend v. Jefferson County, 601 F.3d 1152, 1158 (11th Cir. 2010). As such, Plaintiff does not identify sufficiently specific evidence to allow the Court to conclude that genuine issues of material fact remain about whether Defendants had both a subjective awareness of an objectively serious medical need and an objectively insufficient response to that need. See Farrow v. West, 320 F.3d 1235, 1245-1246 (11th Cir. 2003).

Assuming for the sake of argument that Plaintiff could present specific evidence to satisfy both the objective and subjective component of his deliberate indifference claim, Defendants nevertheless would be entitled to judgment as a matter of law because Plaintiff does not allege that any action or inaction by EMT-P Buffington, LPN Gibson-Balkcom, LPN Oliver, and RN Roberson caused Plaintiff to suffer any injury. See Goebert, 510 F.3d at 1326 ("[A]s with any tort claim, [the plaintiff] must show that the injury was caused by the defendant's wrongful conduct"). Further, insofar as Plaintiff apparently disagrees with the course of his medical treatment at the Bibb County LEC, mere disagreement about the course of one's treatment is "a classic example of a matter for medical judgment" that does not give rise to an actionable claim of deliberate indifference. Estelle, 429 U.S. at 107; see also Hamm, 774 F.2d at 1575 ("Although [the prisoner] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."). Plaintiff must present specific evidence

that the response of Defendants "was poor enough to constitute 'an unnecessary and wanton infliction of pain,' and not merely accidental inadequacy, 'negligence in diagnosis or treatment,' or even 'medical malpractice' actionable under state law." Taylor, 221 F.3d at 1258, quoting Estelle, 429 U.S. at 105. Plaintiff fails to do so here.

In sum, even after viewing the evidence in the record and all reasonable inferences in the light most favorable to Plaintiff, there is no specific evidence tending to show that EMT-P Buffington, LPN Gibson-Balkcom, LPN Oliver, and RN Roberson were deliberately indifferent to Plaintiff's serious medical needs. Defendants are entitled to judgment as a matter of law.

## CONCLUSION

Because Plaintiff has not shown that there are any genuine issues of material fact regarding Defendants' alleged deliberate indifference to Plaintiff's serious medical needs, it is hereby **RECOMMENDED** that the four separate Motions for Summary Judgment (Docs. 38, 40, 42, 43) be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom the case is assigned **within fourteen (14) days** after being served with a copy thereof.

**SO RECOMMENDED**, the 31st day of December, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge